UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| KEVIN D. HAMLET, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00574-JMS-MPB |
| | ) | |
| CITY OF INDIANAPOLIS, | ) | |
| CITY CORPORATION OF MARION COUNTY, | ) | |
| HELEN MARCHAL Marion County Superior | ) | |
| Court Judge, | ) | |
| TERRY R. CURRY Marion County Prosecutor, | ) | |
| DUANE MERCHANT Marion Co. Dep. | ) | |
| Prosecutor, | ) | |
| ABIGAIL GRANTSTEIN (former Dep. Pros.), | ) | |
| MARION COUNTY PUBLIC DEFENDER'S | ) | |
| OFFICE, | ) | |
| CELESTE JAFFE Public Defender, | ) | |
| JANET PYKE Marion County Court Reporter, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Granting *In Forma Pauperis* Status,
Screening and Dismissing Complaint,
and Allowing Plaintiff to Show Cause**

Kevin D. Hamlet, an Indiana inmate incarcerated in the Putnamville Correctional Facility, filed this 42 U.S.C. § 1983 action on December 19, 2017. He wishes to sue the City of Indianapolis, Marion County, a Superior Court judge, the county prosecutor, two deputy prosecutors, the public defender's office, a deputy public defender, and a court reporter for their conduct in his state court prosecution.

**I. *In Forma Pauperis* Status**

Mr. Hamlet's motion for leave to proceed *in forma pauperis*, dkt. [3], is **granted**. The assessment of even an initial partial filing fee is not feasible at this time. "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for

other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996).

## II. Screening

A.       Legal Standard

Because Mr. Hamlet is a prisoner, his complaint is subject to the screening requirements of 28 U.S.C. § 1915A. This statute directs that the court shall dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Wade v. Hopper*, 993 F.2d 1246, 1249 (7th Cir. 1993) (noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.") (quotation omitted)). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)). The Court construes pro se pleadings liberally, and holds pro se pleadings to less stringent standards than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

B.  The Complaint

Mr. Hamlet was arrested by Indianapolis police on June 22, 2016. He was charged with a felony offense and taken before a judge. He was appointed a public defender. Eventually Mr. Hamlet plead guilty to the criminal charge and was sentenced to prison. He filed a petition for post-conviction relief and received an evidentiary hearing. A transcript of the plea hearing was obtained, but Mr. Hamlet contends it was altered by the court reporter. At the time he filed this action, he asserts that the state trial court had ninety days to rule on his post-conviction case, but has gone sixty days past that deadline.

To paraphrase Mr. Hamlet's claims, he seeks damages for (1) wrongful imprisonment because "one or more defendants" knew that Mr. Hamlet's conviction was obtained through deceit and coercion and they failed to intervene; (2) "one or more defendants" failed to intervene and allowed the prosecution to go forward while prosecutors denied Mr. Hamlet access to exculpatory evidence; (3) defense counsel and prosecutors, and "one or more defendants" denied Mr. Hamlet due process of law when he was not allowed effective representation of counsel, a fair trial, evidence, and hearings; (4) being coerced into an involuntary plea, which he calls an "illegal seizure;" (5) the City and County, as "persons" under 42 U.S.C. § 1983, willfully and wantonly provided inadequate representation to defendants, forced them into involuntary plea agreements, maliciously prosecuted them, and denied them exculpatory evidence; and (6) conspiracy to violate Mr. Hamlet's constitutional rights. He also adds several state law claims which do not need discussion here.

C.  Discussion

All of Mr. Hamlet's claims flow from his June 22, 2016, arrest by Indianapolis police and his prosecution in Marion County Superior Court. Dkt. 2, p. 1. He identifies the case as *State v.*

*Hamlett*, No. 49G15-1606-F6-024163 (Marion Cnty., Ind. Superior Ct., filed June 23, 2016). Mr. Hamlet also pleads that he was coerced to plead guilty and judgment was entered on August 11, 2016. Since that time he has been trying to vacate the conviction through post-conviction relief efforts and appeals. He complains that the defendant judge is overdue with a ruling on his post-conviction case. Mr. Hamlet believes the constitutional claims, noted above, warrant monetary damages and a declaratory judgment. He does not specify what the declaratory judgment should cover.

Without addressing the judicial and quasi-judicial immunities held by defendants, and the failure to state cognizable claims, the determinative issue is whether plaintiff can proceed in light of *Heck v. Humphrey*, 512 U.S. 477 (1994). Any relief on any of his federal constitutional claims calls into question the validity of his state court conviction. That conviction remains in effect.

"[W]hen a state prisoner seeks damages in a [42 U.S.C.] § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. . . ." *Heck*, 512 U.S. at 487. A Section 1983 action will be cognizable only after a plaintiff can show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." 512 U.S. at 487. Mr. Hamlet cannot do that yet. He pleads that he is still engaged in collateral attacks on the conviction, and even complains that the state court judge is late with his ruling. This Court takes judicial notice that according to the State of Indiana's online docket system, the conviction has not been vacated or reversed. *See Fed R. Evid.* 201(b)(2). Mr. Hamlet does not plead that it has been expunged, declared invalid, or that a federal writ of habeas corpus has been issued on the conviction.

Recovering damages on any one of Mr. Hamlet's federal constitutional claims would call into question the validity of his state conviction. This is not permitted under *Heck*. *Id.*, *see also*, *Burd v. Sessler*, 702 F.3d 429, 430–31 (7th Cir. 2012); *Case v. Milewski*, 327 F.3d 564, 568-69 (7th Cir. 2003); *Knowlin v. Thompson*, 207 F.3d 907, 908-09 (7th Cir. 2000).

Because Mr. Hamlet's conviction remains in effect, and his Section 1983 action is focused entirely on the circumstances of the conviction, *Heck* mandates its dismissal. Accordingly, the complaint is **dismissed** without prejudice.

### III. Opportunity to Show Cause

The Court has dismissed the complaint pursuant to *Heck*. Should plaintiff believe that there are circumstances or authorities overlooked by the Court that would allow this action to proceed, he shall have through **January 26, 2018**, in which to show cause why this action should proceed. The failure to show cause by that date will result in the dismissal of this action and entry of final judgment without further notice.

**IT IS SO ORDERED**.

Date: 12/27/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Kevin D. Hamlet
892772
Putnamville Correctional Facility
Electronic Service Participant – Court Only